UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CECIL L. MORTON,<br><br>                      Petitioner,<br>     v.<br><br>MARGARET GILBERT,<br><br>                      Respondent. | CASE NO. 17-cv-5536 RJB DWC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

      This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge David W. Christel. Dkt. 16. The Court has reviewed the Report and Recommendation, objections, and is fully advised.

      Petitioner files this petition, challenging his 1994 rape, robbery and burglary convictions. Dkt. 1. Respondent has filed a motion to dismiss the petition. Dkt. 8. The Report and Recommendation recommends that the motion to dismiss be granted and the petition be dismissed as untimely. Dkt. 16. It also recommends denial of a certificate of appealability. *Id.*

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

The facts are in the Report and Recommendation (Dkt. 16, at 1-3), and are adopted here. Petitioner filed objections to the Report and Recommendation. Dkt. 17. Petitioner's objections do not provide a basis to reject the Report and Recommendation. The Report and Recommendation should be adopted and the petition dismissed.

## DISCUSSION

### A. STATUTE OF LIMITATIONS AND STATUTORY TOLLING

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners have one year to file a writ of habeas corpus. 28 U.S.C. § 2241. It provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d)(1)-(2).

As stated in the Report and Recommendation, one year after Petitioner's judgment was final for purposes on § 2241 (d)(1)(A) was on November 22, 2000. He filed this petition over 16
ORDER ADOPTING REPORT AND RECOMMENDATION - 2

years later. Petitioner asserts in his objections that his petition is timely due to statutory tolling under § 2241 (d)(1)(B) and (D). Dkt. 17.

1. Timeliness Under § 2241 (d)(1)(B)

In his objections, Petitioner repeats his assertion that it was not until April of 2015 (the date that the prison in which he was held received a copy of a Washington State Supreme Court case *State v. W.R., Jr.,* 181 Wn.2d 757 (2014), decided on October 30, 2014), that a State created impediment was removed so that he could challenge his conviction. Dkt. 17. Petitioner explains that in *W.R.*, *Jr.*, the Washington State Supreme Court held that prior state case law (*State v. Camera,* 113 Wash.2d 631 (1989)) impermissibly held that a defendant in a rape case must establish consent which, in violation of the due process clause, impermissibly shifted the state's burden to prove every element beyond a reasonable doubt to the defendant. Dkt. 17, at 5-6. He asserts that he could not have successfully challenged his convictions under the prior state case law; it wasn't until the State Supreme Court overruled *Camera* that his challenge could be made. *Id.*

This objection does not provide a basis to reject the Report and Recommendation. The federal habeas corpus statute, 28 U.S.C. § 2254, is the vehicle by which the petitioner could have raised a federal constitutional challenge to the state case law he contends was unconstitutionally applied to him. That is, Petitioner's claim (that the state courts' application of *Camera,* regarding whether he had the burden to establish consent or the state had to prove that the victim did not consent, was a violation of his federal constitutional rights), could have been raised before November of 2000. Aside from arguing that it would not have been a successful challenge, he makes no showing that the state courts' decisions in this or other cases "prevented [him] from filing [a federal petition]." § 2241 (d)(1)(B); *see Shannon v. Newland*, 410 F.3d 1083,

1087 (9th Cir. 2005)(state court's decisions were not an "impediment" under § 2241 (d)(1)(B) to the filing of a federal habeas petition; petition could have been filed at any time). As stated in the Report and Recommendation, merely asserting that the state "misapplied" federal law is insufficient to show a state action impeded him from filing a petition in federal court.

        2. <u>Timeliness under § 2241 (d)(1)(D)</u>

Petitioner also claims that his petition is timely due to statutory tolling under § 2241 (d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Dkt. 17, at 7-9. He maintains that it wasn't until April of 2015 that he discovered the Washington State Supreme Court's decision in *W.R., Jr.*, and that is the "factual predicate" of his current claim was discovered. *Id.* As stated in the Report and Recommendation, court decisions establishing propositions of law are not "factual predicates" under § 2241 (d)(1)(D). Dkt. 16, at 6 (*citing Shannon v. Newland,* 410 F.3d 1083, 1088-89 (9th Cir. 2005)). Petitioner makes no showing that the Washington State Supreme Court's decision in *W.R., Jr.*, was a "factual predicate."

## B. EQUITABLE TOLLING

The Report and Recommendation recommends finding that Petitioner is not entitled to equitable tolling. Dkt. 16, at 6-7. This recommendation should be adopted. Petitioner does not show that "some extraordinary circumstance stood in his way" such that equitable tolling is appropriate here. Dkt. 16, at 7.

## C. CERTIFICATE OF APPEALABILITY

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a *habeas*

petitioner must make a showing that reasonable jurists could disagree with the district court's resolution of his or her constitutional claims or that jurists could agree the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–485 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When the court denies a claim on procedural grounds, as it did here, a petitioner must show that jurists of reason "would find it debatable whether the district court was correct in its procedural ruling" and that jurists of reason "would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, at 484.

Petitioner's objections do not provide a basis to reject the Report and Recommendation's recommendation that a Certificate of Appealability be denied. Petitioner has not shown that "jurists of reason would find it debatable whether [this Court] was correct in its procedural ruling." *Slack,* at 484. He has not demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Moreover, he failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(3). Jurists of reason could not agree that the issues presented were adequate to deserve encouragement to proceed further. *Slack,* at 483-485. The Report and Recommendation should be adopted, and a Certificate of Appealability should be denied.

## **ORDER**

It is **ORDERED** that:

- The Report and Recommendation of U.S. Magistrate Judge David W. Christel (Dkt. 16) **IS ADOPTED**;
- The Petition **IS DISMISSED**; and
- The Certificate of Appealability **IS DENIED**.

1      The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge David W. Christel, all counsel of record, and to any party appearing pro se at said party's last known address.

     Dated this 28th day of November, 2017.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 6